Slip Op. 11-118

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TIANJIN MAGNESIUM INTERNATIONAL CO., LTD., : : : | |
| Plaintiff, : | |
| v. : | Before: Jane A. Restani, Judge |
| UNITED STATES, : | Court No. 09-00535 |
| Defendant, : | |
| and : | |
| US MAGNESIUM LLC, : | |
| Intervenor Defendant. : | |

### OPINION AND ORDER

[Plaintiff's motion for reconsideration denied.]

Dated: September 23, 2011

Riggle and Craven (David A. Riggle, Lei Wang, and Saichang Xu) for the plaintiff.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Claudia Burke, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (David S. Silverbrand and Renee A. Gerber); Thomas M. Beline, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel, for the defendant.

King & Spalding, LLP (Stephen A. Jones, Jeffrey B. Denning, and Joshua M. Snead) for the intervenor defendant.

Restani, Judge: Plaintiff Tianjin Magnesium International Co., Ltd. ("TMI") moves for reconsideration of the court's decision in Tianjin Magnesium Int'l Co. v. United

Court No. 09-00535                                                                                                           Page 2

States, Slip Op. 11-100, 2011 WL 3489935 (CIT Aug. 10, 2011) pursuant to USCIT Rule 59. Plaintiff's Motion for Reconsideration of the Court's Order in Slip Opinion 11-100 ("Pl.'s Mot.") 1.  In that decision, the court sustained the United States Department of Commerce ("Commerce") <u>Final Results of Redetermination Pursuant to Court Remand Pure Magnesium from the People's Republic of China</u> (Dep't Commerce May 12, 2011) ("Remand Results") (Docket No. 63) and found the adverse facts available ("AFA") rate assigned to TMI supported by substantial evidence and in accordance with law.  <u>Tianjin Magnesium Int'l</u>, 2011 WL 3489935, at *3.  The facts of this case are set forth in the court's previous opinion.  <u>See id.</u>  The court presumes familiarity with that decision.

   A motion for reconsideration will be granted "only in limited circumstances," such as for "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case."  <u>Target Stores v. United States</u>, 31 CIT 154, 156, 471 F. Supp. 2d 1344, 1347 (2007).  The grant or denial of a motion for reconsideration rests within the discretion of the court.  <u>Id.</u>  A motion for reconsideration will not be granted "merely to give a losing party another chance to re-litigate the case."  <u>Totes-Isotoner Corp. v. United States</u>, 580 F. Supp. 2d 1371, 1374 (CIT 2008) (citation omitted).

   TMI alleges the court erred by failing to include "any discussion or consideration of whether the [AFA] rate found by the Commerce Department was otherwise in accordance

with law."[1]  Pl.'s Mot. 2.  Specifically, TMI alleges the court failed to rule on whether the AFA rate was 1) impermissibly punitive, 2) unreasonably high in relationship to TMI's actual dumping margin, and 3) a reasonably accurate estimate of TMI's dumping margin with a built in increase.  See Pl.'s Mot. 4.  This claim lacks merit.

Contrary to TMI's claim, the court discussed the legality of the AFA rate applied to TMI.  See Tianjin Magnesium Int'l, 2011 WL 3489935, at *1 ("[T]he court now reaches the remaining issues raised by TMI's motion for judgment on the agency record challenging the legality of the adverse facts available ("AFA") rate assigned to it by Commerce . . . .").  The court considered and rejected TMI's arguments that the AFA rate was impermissibly punitive, id. at *3 n.6, that the rate was unreasonably high, id. at *3 & n.6, and that TMI's dumping margin was an appropriate baseline, id. at *3 nn.5–6.  Thus, the court did not fail to address the legality of the AFA rate assigned to TMI and there are no grounds on which to grant a motion for reconsideration.

---

[1] TMI also requests oral argument on the AFA rate and any other pending issues.  See Pl.'s Mot. 5–6.  Oral argument is held at the discretion of the court.  See USCIT R. 7(c), 56.2(e).  This court decided all issues before it, including the legality of the AFA rate, see infra, and therefore rejects the request for oral argument.

Court No. 09-00535                                                                                           Page 4

        For the foregoing reasons, TMI's motion for reconsideration and request for oral argument is denied.

                                                          /s/ Jane A. Restani
                                                            Jane A. Restani
                                                                  Judge

Dated this 23rd day of September, 2011.
New York, New York.